# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JESSICA WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| WAFFLE HOUSE, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a (hereinafter "Title VII") which provides for relief against discrimination in employment on the basis of sex and retaliation related thereto. The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2.   The unlawful employment practices alleged herein below were committed by the defendants within St. Clair County, Alabama. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

3.   The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

**III.    PARTIES**

4. The plaintiff, Jessica Weaver (hereinafter "Weaver" or "Plaintiff"), is a female citizen of the United States, and a resident of the State of Alabama. Plaintiff was a former employee of the defendant, Waffle House, Inc., at the defendant's Springville, Alabama, location, Store No. 1806.

5. The defendant, Waffle House, Inc. (hereinafter "Waffle House" or "defendant") is a corporation licensed to do business in and operating in St. Clair County, Alabama. During the time period pertinent to this lawsuit, the Defendant was the plaintiff's employer within the meaning of Title VII and employed at least fifteen (15) or more employees.

**IV.    ADMINISTRATIVE EXHAUSTION**

6. Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely files this Complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

**V.    STATEMENT OF FACTS AND CLAIMS**

7. Plaintiff began working for Waffle House at their Springville, Alabama, location (Store No. 1806), as a waitress in January 2009.

8. During Plaintiff's employment, Lisa Rigsby (female) and Renee Langley (female) were the Store Managers, Tony Hernandez (male) was the District Manager, and Cal Stokesbary (male) was the Regional Operations Manager.

9. On June 9, 2009, Plaintiff was cursed out in front of customers by a male employee, Alan, who told Plaintiff "don't act like a crazy, mother-fucking bitch."

10. Plaintiff complained to Hernandez about Alan cursing at her with such sexually derogatory language.

11. To Plaintiff's knowledge Hernandez did nothing about her complaint.

12. Hernandez treated Plaintiff differently than other employees, acting angry towards her, picking on her, and altering her work schedule in such a way so as not to give her any notice of the changes.

13. Plaintiff was supposed to have three days notice of schedule changes.

14. Hernandez would not provide Plaintiff this notice and would then write her up for not coming in to work on days that she had no notice she was scheduled to work.

15. Hernandez would also take the Plaintiff off of the schedule with no prior notice, so that she would drive into work on a date that she had been scheduled to work, only to then be sent home.

16. Plaintiff had to call in to the store daily in order to find out of Hernandez had changed her work schedule.

17. Hernandez also removed the Plaintiff from the work schedule for an entire week. He did not treat the male employees in this manner.

18. Nor did Hernandez require the male employees to adhere to the "call in well" policy if they were out sick. Hernandez required Plaintiff and other female employees to follow this policy.

19. Plaintiff called the company hotline on May 20, 2009, and made a complaint to the hotline about the pay problems, about her complaints not being responded to, and about being treated differently by Hernandez as a female employee with regard to her schedule and the "call in well" policy.

20. The hotline intake person told Plaintiff that they were filing a complaint on her behalf for violations of payroll matters, retaliation, gender discrimination and improper payroll deductions.

21. Plaintiff did not hear anything else about her complaints until Sharon Bradley, Human Resources, came to the store in June 2009.

22. Bradley told Plaintiff that she was investigating her hotline complaints. Plaintiff told Bradley about her complaints about the pay problems, about Alan cursing at her, about Hernandez altering her schedule and writing her up, and about no one doing anything about her repeated complaints.

23. Bradley told Plaintiff that she would investigate the matter and get back to her. Plaintiff did not hear back from Bradley before the Plaintiff was terminated.

24. On July 20, 2009, Plaintiff called into work around 4:00 p.m. to see if she was on the schedule. At that time Plaintiff spoke to Tiffany Adair, who told the Plaintiff that she had been sent by Human Resources to terminate the Plaintiff's employment.

25. Plaintiff's employment was then terminated.

26. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of the Plaintiff's Federally protected rights.

27. The Defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

## COUNT I - SEXUAL HARASSMENT AND RETALIATION
## IN VIOLATION OF TITLE VII

28. The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

29. The Defendant wilfully and maliciously subjected the Plaintiff to unlawful sexual discrimination on the basis of her sex with respect to the terms, conditions, and privileges of her employment, and culminating in her termination.

30. The Plaintiff made good faith and reasonable complaints of sexual discrimination to the Defendant.

31. The Defendant retaliated against the plaintiff for protesting and complaining about sexual discrimination in the terms, conditions and benefits of her employment, culminating in her termination.

32. Said sexual discrimination and retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

33. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

34. Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**VI.     PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII.

  2. Grant Plaintiff a permanent injunction enjoining the Defendant, it's agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII.

  3. Enter an Order requiring the Defendant to make the Plaintiff whole by awarding her the position(s) she would occupy in the absence of sex discrimination and retaliation and/or frontpay, backpay (plus interest), compensatory, punitive, and/or nominal damages.

  4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

         Respectfully submitted,

         s/ Temple D. Trueblood
         Temple D. Trueblood (TRUE0355)
         Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

         s/ Temple D. Trueblood
         OF COUNSEL